UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY
a Foreign Corporation,

    Plaintiff,

v.                                            Case No.: 8:17-cv-2264-EAK-TGW

CUSTOM CLIMATE CONCEPTS, INC.,
LARRY BUSBEE, and JOHN
MONHOLLON as Personal Representative
of the ESTATE OF CHASTITY
MONHOLLON; deceased,

    Defendants.
_____

## ORDER

Before the Court is Plaintiff's Motion for Entry of Final Declaratory Judgment by Default Against Defendant Larry Busbee ("Motion") (Doc. 18). Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**I.  Background**

Plaintiff, Southern-Owners Insurance Company, commenced this action against Defendants Custom Climate Concepts, Inc. ("Custom Climate"), Larry Busbee ("Busbee"), and John Monhollon ("Monhollon") by filing a Complaint for Declaratory Judgment ("Complaint") on September 28, 2017. In the Complaint, Plaintiff seeks, *inter alia*, a declaration that it owes no duty to indemnify or defend Defendants Custom Climate or Busbee under an insurance policy for claims brought against them by Defendant Monhollon in the underlying wrongful-death lawsuit. (Doc. 1). Plaintiff served Defendant Busbee with the Summons and Complaint on October 11, 2017. (Doc. 11).

After Defendant Busbee failed to answer or otherwise respond to the Complaint, the Clerk entered default on November 3, 2017. (Doc. 17). Significantly, however, Defendants Custom Climate and Monhollon filed timely answers to the Complaint. (Docs. 12, 13). To date, Defendant Busbee has failed to appear or otherwise defend himself in this action. Because Defendant Busbee failed to timely respond to the Complaint, Plaintiff filed the Motion. Through the Motion, Plaintiff requests the Court to enter a "Final Declaratory Judgment by default" against Defendant Busbee. (Doc. 18 at 1).

## II. Discussion

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R Civ. P. 55(b)(2)). Rule 54(b) provides, however, that in an action involving multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay.*" Fed. R. Civ. P. 54(b) (emphasis added). Indeed, an "entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted).

The Court finds that a just reason for delay exists. "Courts have interpreted [Rule 54(b)] to mean that [w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *North Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-GAP-TBS, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012) (second alteration in original) (internal quotations and citations omitted). This practice is "commonly applied where, as here, an insurer seeks a

declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and other named defendants who may appear and contest the insurer's allegations." *Essex Ins. Co. v. Moore*, Case No. 6:11-cv-515-Orl-19KRS, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011) (citations omitted). *See also North Pointe Ins. Co.*, 2012 WL 5378826, at *4 (explaining that withholding granting a default judgment is appropriate when a case involves a "declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute.").

### III. Conclusion

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Entry of Final Declaratory Judgment by Default Against Defendant Larry Busbee (Doc. 18) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 25th day of September, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record