UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

v.                                                            Case No.: 8:17-cv-2264-EAK-TGW

CUSTOM CLIMATE CONCEPTS,
INC., et al.

    Defendants.
_____

## ORDER

This is an insurance coverage dispute. Plaintiff Southern-Owners Insurance Company ("**Southern**") seeks a declaration from the Court that it owes no duty to defend or indemnify its insured, Defendant Custom Climate Concepts, Inc. ("**Custom**"), and Custom's former employee, Defendant Larry Busbee ("**Busbee**"),[1] in a wrongful death lawsuit currently pending in Manatee County, Florida (the "**Underlying Action**"). (Doc. 1). Custom counterclaims for a contrary declaration; that is, that Southern must defend and indemnify Custom in the Underlying Action. (Doc. 14). The parties cross-move for summary judgment. (Docs. 36, 37). The underlying, material facts are undisputed, and the only issues the Court must decide are issues of law. Upon careful consideration of the pleadings, the parties' briefs, other

---

[1] Busbee is in default. (Doc. 17). Southern previously moved for the entry of a default judgment against Busbee. (Doc. 18). The Court denied the motion without prejudice, pending the determination of Southern's claims against the remaining Defendants. (Doc. 30).

relevant portions of the file, and binding precedent, the Court will grant Southern's motion, deny Custom's motion, and direct the entry of final judgment in favor of Southern.

I.  **Background**

Custom provides heating, ventilation, and air conditioning services. Busbee was previously employed by Custom.

In September of 2013, Custom purchased a 2010 Silverado truck for use in its business. The truck was registered in the name of Custom's owner and general manager, Rodney Rupert. The truck was insured under a $1,000,000 business automobile insurance policy issued to Custom by Philadelphia Indemnity Insurance Company (the "**Philadelphia Policy**").

Custom was also the named insured under a $1,000,000 commercial general liability insurance policy issued by Southern (the "**CGL Policy**"). The CGL Policy generally excluded coverage for bodily injury or property damage arising out of the ownership, maintenance, use, or entrustment to others of any automobile. The CGL Policy provided for a limited exception, however, in the form of a "hired auto and non-owned auto liability" endorsement. Pursuant to the endorsement, Southern would "pay those sums that" Custom became "legally obligated to pay as damages because of 'bodily injury' or 'property damage' arising out of the maintenance or use of" an automobile that was used in Custom's business, but that Custom didn't own

2

and that wasn't registered in Custom's name, or that wasn't leased or rented to Custom for more than ninety consecutive days. But, importantly, the endorsement included an exclusion clause, which explained that the endorsement would provide such coverage only if Custom didn't have "any other insurance" available to it that afforded "the same or similar coverage."

On June 27, 2016, Busbee, as part of his duties for Custom, was driving the 2010 Silverado to get it washed when he collided head-on with another vehicle being driven by Chastity Monhollon. Chastity Monhollon was critically injured in the accident and later died. Defendant John Monhollon ("**Monhollon**"), as personal representative of the estate of Chastity Monhollon, subsequently filed the Underlying Action against Custom and Busbee on September 14, 2016.

As a result of the Underlying Action, Philadelphia Indemnity, on behalf of Custom and Busbee, tendered its $1,000,000 policy limits to Monhollon under the Philadelphia Policy. Additionally, Busbee was the named insured under a $300,000 per-incident personal automobile insurance policy with Progressive Casualty Insurance Company, which tendered $200,000 to Monhollon.[2] Southern, however, filed the instant declaratory judgment action against Custom, Busbee, and Monhollon[3] on September 28, 2017, alleging that the CGL Policy doesn't provide coverage for the

---

[2] Progressive tendered the remaining $100,000 to settle the claims of occupants of other vehicles involved in the June 27, 2016 automobile accident.

[3] Southern named Monhollon in its complaint only to the extent it seeks to bind Monhollon to any judgment entered by the Court in this action.

3

June 27, 2016 automobile accident, and seeking a declaration that Sothern isn't obligated to defend or indemnify Custom or Busbee in the Underlying Action.

Custom responded on October 27, 2017, by filing a counterclaim against Southern, alleging that the CGL Policy does provide coverage for the June 27, 2016 automobile accident, and seeking a declaration that Southern does have an obligation to defend and indemnify Custom in the Underlying Action.

Now, cross motions for summary judgment pend on the issue of whether the CGL policy provides coverage to Custom for Monhollon's claim.[4] The parties dispute the applicability of the exclusion clause in the CGL Policy's "hired auto and non-owned auto liability" endorsement. Southern argues that the endorsement excepts coverage for Monhollon's claim because the Philadelphia Policy affords the "same or similar coverage" for the June 27, 2016 automobile accident, and Philadelphia Indemnity tendered policy limits to Monhollon. Custom counters that the terms "same or similar coverage" are ambiguous and must therefore be construed in its favor as the insured. And, so construed, Custom argues that the CGL and Philadelphia Policies aren't the "same or similar" but, instead, are materially different in both risk and scope, thereby obviating the applicability of the exclusion clause in the endorsement and affording coverage to Custom under the CGL Policy for the June 27, 2016 automobile accident.

---

[4] Monhollon filed a notice of no opposition to Custom's motion for summary judgment on January 22, 2019. (Doc. 43).

4

Thus, the parties' dispute turns on the meaning of the exclusion clause's "same or similar coverage" language. If the coverage afforded to Custom under the CGL Policy is the same as or similar to the coverage afforded to Custom under the Philadelphia Policy, the exclusion clause applies, and the CGL Policy doesn't afford coverage to Custom for Monhollon's claims. If, on the other hand, the coverage afforded under each policy is not the same or similar, the exclusion clause doesn't apply, and the CGL Policy covers Custom's liability in the Underlying Action.

## II. Discussion[5]

"[A]n exclusion clause denying coverage in the event the insured has available 'any other insurance with the same or similar coverage' applies when the insured has another insurance policy paying policy limits for the underlying liability." S.-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC, 872 F.3d 1161, 1170 (11th Cir. 2017) (applying Florida law). See also, e.g., Auto-Owners Ins. Co. v. Habbert, No. 5:09-cv-64-WTH-KRS, 2010 WL 3788149, at *5 (M.D. Fla. Sept. 24, 2010) (Hodges, J.) (applying Florida law and determining that damages stemming from an automobile accident involving a construction company's employee were not covered under a commercial general liability policy's hired/non-owned automobile liability endorsement because the employee and the vehicle he was driving were insured under

---

[5] No party disputes that Florida law applies to determine the parties' respective rights and obligations under the CGL Policy, as the CGL Policy was negotiated and delivered to Custom in Florida. See Lumbermen's Mutual Cas. Co. v. August, 530 So.2d 293, 295 (Fla. 1988).

a separate personal automobile policy with another insurer, which paid policy limits to the plaintiff in the underlying action).

In Easdon, the Eleventh Circuit evaluated a hired/non-owned automobile liability endorsement in a commercial general liability policy issued by Southern to a construction company. 872 F.3d at 1163. The endorsement at issue in Easdon was, in all relevant respects, nearly identical to the endorsement at issue here. And like the endorsement at issue here, the endorsement at issue in Easdon contained an exclusion clause that excepted coverage for bodily injury and property damage stemming from an automobile accident where the company had any other insurance available to it that afforded the "same or similar coverage." Id. After one of the company's managing members was involved in an automobile accident with a motorcyclist, Southern sought a declaration from the district court that the accident wasn't covered under the endorsement. Id. Southern argued, inter alia, that because the company's vehicle was insured under a "similar" personal automobile policy issued by Nationwide Mutual Insurance Company, which had already tendered policy limits to the injured motorcyclist, coverage was excepted under the endorsement's exclusion clause. Id. The district court agreed and directed the entry of a final declaratory judgment in favor of Southern. Id. The motorcyclist appealed. Id.

On review, the Eleventh Circuit affirmed. Id. at 1170. The panel found that the exclusion clause's "same or similar coverage" language was susceptible to only a single reasonable interpretation: "that it refers to another policy . . . [that] is available

6

to pay for the same [or similar] liability claimed under the policy at issue." Id. at 1168 (internal quotations omitted) (alterations in original). Under such an interpretation, the panel reasoned that "the Nationwide policy in place at the time of the accident easily [fell] within [that] definition," especially since Nationwide had "already paid its policy limit[s] to cover the underlying accident sufficiently." Id. Accordingly, the panel held that the endorsement's exclusion clause operated "unambiguously" to relieve Southern of any duty to defend or indemnify the company against the motorcyclist's underlying negligence action. Id.

The reasoning and holding of Easdon compel the same result here. The CGL Policy afforded Custom coverage for bodily injury or property damage arising out of an automobile accident so long as no other insurance policy afforded Custom the "same or similar coverage." Custom and the 2010 Silverado were insured under the Philadelphia Policy, which, like the CGL Policy, afforded coverage for bodily injury or property damage arising out of an automobile accident and had policy limits of $1,000,000. Moreover, Philadelphia Indemnity paid policy limits to Monhollon for the underlying liability. So, at the time of the June 27, 2016 automobile accident, Custom had "another policy" (the Philadelphia Policy) that was "available to pay," and in fact did pay, "for the same [or similar] liability" (the damages resulting from the death of Ms. Monhollon) "claimed under the policy at issue" (the CGL Policy). Id. (alterations in original). Thus, the coverage afforded by the two policies was the same or similar for purposes of the exclusion clause in the CGL Policy's hired auto

and non-owned auto liability endorsement. Id. As a result, the endorsement unambiguously excludes coverage for the June 27, 2016 automobile accident, and Southern is entitled to final summary judgment. See Fed. R. Civ. P. 56.

## III. Conclusion

Accordingly, Southern's motion for summary judgment, (Doc. 36), is **GRANTED**, and Custom's motion for summary judgment, (Doc. 37), is **DENIED**. The Clerk is **DIRECTED** to enter final judgment in favor of Southern and against Custom and Monhollon as to all claims set forth in the complaint, (Doc. 1), and counterclaim, (Doc. 14), declaring as follows:

1. There is no coverage under the CGL Policy (Policy No. 20711255) for the June 27, 2016 automobile accident; and

2. Southern has no duty to defend or indemnify Custom in the Underlying Action.

Furthermore, having now decided Southern's claims against Custom and Monhollon, Southern may renew its motion for default judgment against Busbee by filing an amended motion within fourteen (14) days from the date of this Order. Any motion shall be accompanied by a proposed order.

**ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record